# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **MEMDATA, LLC**, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**INTERMOUNTAIN HEALTHCARE, INC.**, a Utah corporation; and **IHC HEALTH SERVICES, INC.**, a Utah corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:08-cv-190-TS-PMW<br><br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Intermountain Healthcare, Inc. and IHC Health Services, Inc.'s (collectively, "Defendants") motion to compel;[2] Plaintiff's motion for leave to object to the reply memorandum filed in support of Defendants' motion to compel;[3] and MEMdata, LLC's ("Plaintiff") motion to compel.[4] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded

---

[1] *See* docket no. 15.

[2] *See* docket no. 39.

[3] *See* docket no. 48.

[4] *See* docket no. 45.

that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

**I. Plaintiff's Motion for Leave to Object to Defendants' Reply Memorandum**

Before addressing Defendants' motion to compel, the court will address Plaintiff's motion for leave to object to the reply memorandum filed in support of that motion to compel. Plaintiff argues that it should be allowed to object to the exhibits attached to Defendants' reply memorandum because they are "inherently contradictory and not credible."[5] In support of that argument, Plaintiff points to statements from those exhibits that he believes are inconsistent with other testimony or documents produced in discovery.

Plaintiff's argument is without merit. As Defendants noted, Plaintiff has not offered any legal basis for objecting to or striking the above-referenced exhibits. Moreover, even if, as Plaintiff has alleged, there are inconsistencies between statements in the above-referenced exhibits and other testimony or documents produced in discovery, that is not a basis upon which to object to or strike those exhibits. Civil disputes, by their very nature, invariably involve inconsistent evidence, differing recollections of conversations, and differing perspectives on the weight of evidence. It is not appropriate, however, to resolve those evidentiary inconsistencies and consider the weight of the evidence during discovery. Those tasks are will be undertaken later, if necessary, during the appropriate phase of this case.

---

[5] Docket no. 49 at 3.

For these reasons, Plaintiff's motion to for leave to object to Defendants' reply memorandum is **DENIED**.

## II. Defendants' Motion to Compel

In one of their discovery requests, Defendants requested that Plaintiff produce all executed Performer Agreements that Plaintiff had entered into with any past or current clients ("Performer Agreements"). Plaintiff objected to that request as being harassing, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Plaintiff produced a self-selected "representative sample" of Performer Agreements to Defendants with all client names and other identifying information redacted. Because that production was unacceptable to Defendants, counsel for the parties exchanged correspondence in an effort to resolve the discovery dispute but were unable to do so. As a result, Defendants filed their motion to compel.

Defendants request that the court order Plaintiff to produce copies of all Performer Agreements without redactions. Defendants argue that the Performer Agreements are relevant to the parties' claims and defenses and, therefore, are discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Defendants also assert that Plaintiff's objections to production of the Performer Agreements are without merit.

Finally, Defendants contend that the stipulated protective order entered in this case[6] obviates the need for any redaction of the Performer Agreements.

In response, Plaintiff raises several arguments. First, Plaintiff asserts that the Performer Agreements are not relevant to the parties' claims or defenses because production of the Performer Agreements will "serve no other purpose than to divert the [c]ourt's attention and that of the jury from what happened in this case to any number of other transactions and dealings between Plaintiff and 366 other clients"; and "undoubtedly result in Plaintiff being ambushed and potentially surprised at the trial of this case by evidence of some other transaction distantly removed from the state of Utah and from the real dispute at issue herein."[7] Second, Plaintiff argues that the Performer Agreements constitute extrinsic evidence and, consequently, are not discoverable because the contract at issue in this case is unambiguous. Third, Plaintiff contends that a confidentiality provision contained within the Performer Agreements prohibits Plaintiff from producing them to Defendants. Finally, Plaintiff asserts that Defendants' representatives threatened Plaintiff prior to the filing of this case.

The court again concludes that Plaintiff's arguments are without merit. First, the court is persuaded that the Performer Agreements are indeed relevant to the parties' claims and defenses in this case and, therefore, are discoverable. *See id*. Plaintiff's argument that production of the Performer Agreements will somehow divert the court's and the jury's attention from this case is

---

[6] *See* docket no. 16.

[7] Docket no. 41 at 6-7.

directed toward the narrow question of whether the Performer Agreements will be admissible, which is not before the court as part of Defendants' motion to compel. Indeed, the overarching issue during discovery is the broad question of whether evidence is discoverable, *see id.*, not the more narrow question of whether evidence is admissible. In addition, there is no basis for Plaintiff's argument that production of its Performer Agreements will "undoubtedly result in Plaintiff being ambushed and potentially surprised at the trial of this case."[8] As noted by Defendants in their reply, Defendants are required to give Plaintiff notice of third-party discovery they conduct in this case, including any discovery related to the Performer Agreements. *See, e.g.*, Fed. R. Civ. P. 30(b)(1), 45(b)(1). Further, the court does not see how that argument has any bearing on whether the Performer Agreements are relevant to the parties' claims and defenses. *See* Fed. R. Civ. P. 26(b)(1).

Second, Plaintiff's argument with respect to whether the contract at issue in this case is ambiguous is premature. The determination about whether that contract is ambiguous is a legal question yet to be decided by the district judge, and this court will not make that determination as part of a motion to compel discovery. Any arguments relative to the contract's ambiguity should be addressed to the district judge at the appropriate time.

Third, the court is unpersuaded by Plaintiff's argument that the confidentiality provision contained within the Performer Agreements prohibits Plaintiff from producing them to Defendants. As Defendants have noted, less than a year ago, Plaintiff presented nearly the same

---

[8] *Id.* at 7.

issue to the court when it sought an order compelling Defendants to produce to Plaintiff their vendor contracts, which contain a similar confidentiality provision. In response to Plaintiffs' discovery requests seeking those vendor contracts, Defendants did not immediately produce those documents. Instead, Defendants sent a letter to all relevant vendors notifying them that, in the absence of an objection from a vendor with respect to a particular vendor contract, Defendants intend to produce those contracts to Plaintiff with a confidentiality designation of "Attorneys' Eyes Only" under the stipulated protective order. In its motion to compel, Plaintiff sought production of all vendor contracts and to change the designation of those documents from "Attorneys' Eyes Only" to "Confidential." This court determined that Defendants' course of action with respect to the vendor contracts was entirely reasonable and denied Plaintiff's motion to compel.[9] In addition, the court denied Plaintiff's request to change the confidentiality designation on Defendants' vendor contracts.[10]

Turning to the instant motion, it is not lost on the court that Plaintiff once sought unfettered access to Defendants' vendor contracts and to alter the "Attorneys' Eyes Only" designation of those contracts, and Plaintiff now seeks to avoid any meaningful production of its Performer Agreements. As noted by Defendants, Plaintiff has not indicated why it could not take the same approach with its Performer Agreements that Defendants took with their vendor

---

[9] *See* docket no. 25 at 3-4.

[10] *See id.* at 4-9.

contracts, and Defendants do not appear to object such an approach.[11]  As the court indicated when ruling on Plaintiff's motion to compel, that approach is entirely reasonable.  Further, any concerns relative to confidentiality should be obviated by Plaintiff's ability to designate the Performer Agreements as "Attorneys' Eyes Only" under the stipulated protective order, just as Defendants did with their vendor contracts.

Finally, the court is not persuaded by Plaintiff's allegation that Defendants threatened Plaintiff prior to the filing of this case.  It appears Plaintiff has included that allegation to support its concern about the confidentiality of the Performer Agreements.  As noted above, however, Plaintiff's ability to designate the Performer Agreements as "Attorneys' Eyes Only" should eliminate any of those concerns, and the court has no reason to doubt that all counsel will comply with the terms of the stipulated protective order.

Based on the foregoing, Defendants' motion to compel production of all copies of Plaintiff's Performer Agreements without redactions is **GRANTED**.  However, prior to making that production, Plaintiff shall be provided with a reasonable amount of time in which to complete the process undertaken by Defendants in the production of their vendor contracts.[12]  In addition, Plaintiff shall be allowed to designate the Performer Agreements as "Attorneys' Eyes Only" under the stipulated protective order to alleviate any concerns with respect to confidentiality.

---

[11] *See* docket no. 44 at 7.

[12] *See, e.g.*, docket no. 20, Exhibit C at 2; docket no. 22 at 10-11.

As part of their motion to compel, Defendants request an award of reasonable expenses, including attorney fees, incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5). The court has determined that such an award is not appropriate under the circumstances. Accordingly, Defendants' request for reasonable expenses is **DENIED**.

### III. Plaintiff's Motion to Compel

As explained above, Defendants notified all relevant vendors that, in the absence of an objection from a vendor with respect to a particular vendor contract, Defendants intended to produce those contracts to Plaintiff with a confidentiality designation of "Attorneys' Eyes Only." Defendants' counsel has informed Plaintiff's counsel that one of those vendors, Hill-Rom Company, Inc., objected to Defendants' production of its vendor contract ("Hill-Rom Contract").

Plaintiff's motion to compel seeks a court order authorizing Defendants to produce the Hill-Rom Contract, and Defendants do not object to the motion. Accordingly, Plaintiff's motion to compel production of the Hill-Rom Contract is **GRANTED**. Defendants shall produce the Hill-Rom Contract to Plaintiff within ten (10) days of the date of this order.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to for leave to object to Defendants' reply memorandum[13] is **DENIED**.

---

[13] *See* docket no. 48.

2. Defendants' motion to compel production of all copies of Plaintiff's Performer Agreements without redactions[14] is **GRANTED**. Prior to making that production, Plaintiff shall be provided with a reasonable amount of time in which to complete the process undertaken by Defendants in the production of their vendor contracts, as noted above. In addition, Plaintiff shall be allowed to designate the Performer Agreements as "Attorneys' Eyes Only" under the stipulated protective order.

3. Defendants' request for reasonable expenses, including attorney fees, incurred in bringing their motion to compel is **DENIED**.

4. Plaintiff's motion to compel production of the Hill-Rom Contract[15] is **GRANTED**. Defendants shall produce the Hill-Rom Contract to Plaintiff within ten (10) days of the date of this order.

**IT IS SO ORDERED**.

DATED this 16th day of September, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[14] *See* docket no. 39.

[15] *See* docket no. 45.