# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **MEMDATA, LLC**, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**INTERMOUNTAIN HEALTHCARE, INC.**, a Utah corporation; and **IHC HEALTH SERVICES, INC.**, a Utah corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-190-TS-PMW<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is MEMdata, LLC's ("Plaintiff") second motion to change the confidentiality designations (made pursuant to the stipulated protective order in this case)[2] of certain documents produced by Intermountain Healthcare, Inc. and IHC Health Services, Inc. (collectively, "Defendants") from "Attorneys' Eyes Only" to "Confidential"; to compel discovery responses; and for sanctions under rule 37 of the Federal Rules of Civil Procedure.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the

---

[1] *See* docket no. 15.

[2] *See* docket no. 16.

[3] *See* docket no. 57.

District of Utah, the court has concluded that oral argument would not be helpful and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

As the caption of Plaintiff's motion indicates, this is the second motion to compel it has filed concerning discovery related to Defendants' capital equipment purchases. In its first motion, Plaintiff sought to compel Defendants to produce any documents containing pricing information under a "Confidential" designation (rather than "Attorneys' Eyes Only") so that Plaintiff's representatives could review those documents.[4] The court denied Plaintiff's first motion to compel in its entirety.[5]

Plaintiff has now filed a second motion to compel on the same subject matter. This time, however, Plaintiff asks the court to order Defendants to redact the price column from two groups of documents that have already been produced under an "Attorneys' Eyes Only" designation (documents Bates stamped IHC039826-IHC048751 and IHC08685-IHC09018) ("Documents"), change their confidentiality designation to "Confidential," and produce them to Plaintiff again; strike Defendants' objections to interrogatories no. 9 and 10 from Plaintiff's second set of interrogatories ("Interrogatories") and order Defendants to provide responses; and provide Plaintiff with an award of discovery sanctions against Defendants. Defendants have likewise requested an award of discovery sanctions against Plaintiff. The court will address the foregoing arguments in turn.

---

[4] *See* docket nos. 20-21.

[5] *See* docket no. 25.

## I. Discovery Dispute

### A. Documents

Plaintiff does not dispute that it has received the Documents. Instead, Plaintiff argues that the Documents should be produced again in a redacted format under a "Confidential" designation because "[i]t is absolutely essential that Plaintiff's own representatives have access to capital equipment purchase documents in order to accurately include and exclude line item purchases."[6] Plaintiff's counsel argues that because of the "Attorneys' Eyes Only" designation on the Documents, he has been "forced to sift through 6184 pages[] and over 181,120 line items of purchases."[7] Finally, Plaintiff argues that if the price column is redacted from the Documents, "Defendants cannot now show a harm caused by disclosure of the redacted purchase documents sufficient to justify the '[A]ttorneys' [E]yes [O]nly' designation."[8]

In response, Defendants argue that the Documents are properly designated as "Attorneys' Eyes Only," regardless of whether the price column is redacted from those documents. Defendants assert that the information contained the Documents is highly sensitive and confidential, and they do not want Plaintiff's representatives to have any access to that information. Defendants also note that Plaintiff has retained a damages expert, who is permitted to review any documents designated as "Attorneys' Eyes Only." Defendants assert that there is no reason why Plaintiff's

---

[6] Docket no. 58 at 11.

[7] Docket no. 66 at 5.

[8] Docket no. 58 at 13.

representatives and its counsel cannot educate that expert so that he can provide any necessary analysis of the information contained in the Documents.

For the following reasons, the court agrees with Defendants' arguments. First, while Plaintiff may not like the confidentiality designation Defendants have placed on the Documents, Defendants are allowed to make such designations under the stipulated protective order in this case. As the court noted when denying Plaintiff's first motion to compel, both parties, through able and competent counsel, negotiated the protective order in this case at arm's length and eventually stipulated to its terms. In the court's view, if the parties had contemplated redaction of confidential information rather than designation of entire documents, they would have provided for redaction in the protective order. As Defendants have noted, however, the protective order does not provide any process for redaction but does provide either party with the ability to designate entire documents with certain levels of confidentiality.

Second, with respect to the propriety of Defendants' designation of the Documents, the court has no reason to doubt Defendants' assertion the information in the Documents is highly sensitive and confidential, regardless of whether certain portions of the Documents are redacted. Further, the court is not persuaded by Plaintiff's overstated and unsupported assertions to the contrary, such as its contention that "[u]nder no conceivable scenario can Defendants put forth any semblance of rational argument demonstrating harm that would occur in the event Plaintiff is able to see equipment descriptions or dates of purchase once [price information has] been redacted."[9] The court does not believe Plaintiff is in the best position to determine whether disclosure of

---

[9] Docket no. 66 at 4.

information would impose any harm on Defendants and, again, the court has no reason to doubt Defendants' assertions that the information in question is highly sensitive and confidential.

Finally, the court is not persuaded by Plaintiff's argument that its representatives should be provided with access to redacted copies of the Documents because Plaintiff's counsel does not have the expertise to conduct the proper analysis of the Documents. Contrary to Plaintiff's view, it is not "absolutely essential that Plaintiff's own representatives have access to" redacted versions of the Documents.[10] Plaintiff has retained a damages expert, who is permitted to review any documents designated as "Attorneys' Eyes Only." As Defendants have correctly noted, there is no reason why Plaintiff and its counsel cannot educate that expert (or any other expert) to conduct any necessary analysis of the information contained in the Documents. In the order denying Plaintiff's first motion to compel, the court indicated its general agreement with that principle when it stated that the need to retain experts does not constitute prejudice or an undue burden and can be considered a standard cost of litigation.

For these reasons, the portion of Plaintiff's motion concerning the Documents is **DENIED**.

### B. Interrogatories

In this part of its motion, Plaintiff asks the court strike Defendants' objections to the Interrogatories and order Defendants to provide responses. The court has determined that Plaintiff's arguments in support of that request are without merit.

In the court's view, the Interrogatories improperly seek Defendants' concession to an ultimate issue yet to be decided in this case, namely, the existence of a "policy" requiring

---

[10] Docket no. 58 at 11.

Defendants to forward all capital equipment purchases to Plaintiff. Defendants objected to the Interrogatories on that basis, and Plaintiff has not demonstrated that the objection was improper. Instead, Plaintiff simply asserts its disagreement with Defendants' belief that no such "policy" existed. The decision on that ultimate issue will be made, if necessary, at the appropriate stage of this case and will not be resolved as part of the instant discovery dispute.

Not only does the court conclude that the substantive arguments in this portion of Plaintiff's motion are without merit, but it also appears that Plaintiff failed to comply fully with the meet-and-confer requirements with respect to the Interrogatories prior to filing its motion. *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

For these reasons, the portion of Plaintiff's motion concerning the Interrogatories is **DENIED**.

### C. Remaining Arguments

As part of their response to Plaintiff's motion, Defendants included an argument concerning the validity of Plaintiff's damages claim. Plaintiff responded to those arguments in its reply memorandum. Because resolution of those arguments is unnecessary to resolve the instant discovery dispute, the court does not address them. Those arguments will be resolved, if necessary, at the appropriate phase of this case.

### II. Sanctions

Plaintiff has requested an award of discovery sanctions against Defendants in connection with the instant motion. Because the court has denied all of the relief requested in Plaintiff's motion, it follows that its request for sanctions is likewise **DENIED**.

In their response to Plaintiff's motion, Defendants requested an award of discovery sanctions against Plaintiff pursuant to rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(5)(B). In relevant part, rule 37(a)(5)(B) provides:

> If [a motion to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

*Id*.

The court concludes that Plaintiff's motion is not substantially justified. *See id*. Indeed, in the court's view, it raises issues almost identical to those raised in Plaintiff's first motion to compel. The court also concludes that there are not other circumstances that would make such an award unjust. *See id*. Consequently, the court has determined that Defendants have made a preliminary showing that they are entitled to an award of sanctions against Plaintiff under rule 37(a)(5)(B). At the same time, the court recognizes that before any sanctions can be imposed against Plaintiff under rule 37(a)(5)(B), Plaintiff must be provided with an opportunity to be heard on that issue. *See id*.

In order to fully inform the court on the issue, and to provide Plaintiff with the requisite opportunity to be heard, the parties are directed to make the following filings. Within fourteen (14) days of the date of this order, Defendants shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in opposing Plaintiff's motion. Within fourteen (14) days of the filing date of Defendants' affidavit and cost

memorandum, Plaintiff shall file a written submission detailing its position on the issue. After receipt of those filings, the court will make a final determination concerning the award of sanctions against Plaintiff.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's second motion to change confidentiality designations, to compel discovery responses, and for sanctions[11] is **DENIED** in its entirety.

2. Defendants have made a preliminary showing that they are entitled to an award of sanctions against Plaintiff under rule 37(a)(5)(B). After receipt of the filings on that issue, the court will make a final determination concerning that award.

**IT IS SO ORDERED**.

DATED this 21st day of January, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11] *See* docket no. 57.