IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEMDATA, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>INTERMOUNTAIN HEALTHCARE, INC., a Utah corporation, and IHC HEALTH SERVICES, INC., a Utah corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S "SCRUBBED" SPREADSHEETS AND DENYING AS MOOT PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE COMMENTS OR CRITICISMS OF PLAINTIFF'S "SCRUBBED" SPREADSHEET<br><br>Case No. 2:08-CV-190 TS |

The Court has before it Defendants' Motion in Limine to Exclude Evidence of Plaintiff's "Scrubbed" Spreadsheets[1] and Plaintiff's Motion in Limine to Exclude Comments or Criticisms

---

[1] Docket No. 115.

1

of Plaintiff's "Scrubbed" Spreadsheets.[2] Having considered the motions and for the reasons set forth below, the Court will grant Defendants' Motion and deny Plaintiff's Motion as moot.

I. BACKGROUND

Defendants Intermountain Healthcare, Inc. and IHC Health Services, Inc. ("IHC") are non-profit corporations owning hospitals and medical facilities throughout Utah and Idaho. Plaintiff MEMdata ("MEMdata") provides medical facilities with capital equipment purchasing services designed to reduce costs.

This breach of contract action surrounds a one-page performer agreement. Under this agreement, Plaintiff's customers obtain price quotes on "capital equipment" from various equipment vendors and submit the received quotes to Plaintiff.[3] Plaintiff then tries to obtain a lower price for the same capital equipment.[4] If the customer chooses to purchase from one of the lower priced vendors negotiated by Plaintiff, Plaintiff receives a percentage of the savings.[5] Savings are calculated by comparing the customer's quoted equipment prices with the final prices paid for equipment after processing through Plaintiff's service.[6] Plaintiff alleges that Defendants breached this agreement by failing to submit all of their quotes for capital equipment

---

[2]Docket No. 133.

[3]Docket No. 1 at ¶ 6.

[4]*Id*. at ¶ 7.

[5]*Id*. at ¶ 10.

[6]*Id*.

as required by the contract. Plaintiff alleges a cause of action for breach of contract and covenant of good faith and fair dealing.

During discovery, Defendants produced three spreadsheets that included all of Intermountain's equipment purchases during 2004-2008 (the "original spreadsheets"). Because these spreadsheets contained competitively sensitive information, Defendants designated them "Attorneys' Eyes Only." Under the parties' Stipulated Protective Order, such designation limits access to the information to "attorneys of record, the Court and outside experts . . . ."[7] Plaintiff objected to this designation and moved the Court to change the confidentiality designation so that Plaintiff's representatives could review the spreadsheets and identify for its counsel which expenditures constituted "capital equipment."[8] The Court denied the request, finding that such disclosure would cause irreparable harm to Defendants and their suppliers.[9] Plaintiff later filed a second motion related to this subject matter, this time asking that the Court order Defendants to produce redacted copies of the original spreadsheets and designate them as "Confidential," which would allow Plaintiff's representatives to view the spreadsheets.[10] The Court again denied the request.[11]

---

[7]Docket No. 16, at 2.

[8]*See* Docket Nos. 20 & 21.

[9]Docket No. 25, at 7.

[10]*See* Docket Nos. 57 & 58.

[11]Docket No. 80.

After Plaintiff's motions were denied, Plaintiff's counsel proceeded to "'scrub' or filter the IHC spreadsheets himself, eliminating entries obviously not contemplated by the parties' contract."[12] Plaintiff's "scrubbed" spreadsheets ("scrubbed spreadsheets") were then provided to Plaintiff's damages expert, Dr. Gary Kronard. Much of Dr. Kronard's testimony is based upon these spreadsheets.[13]

Defendants have moved the Court to exclude Plaintiff's scrubbed spreadsheets and any testimony concerning these spreadsheets from trial. Plaintiff has moved the Court to exclude any comments on or criticisms of these spreadsheets by Defendants.

## II. DISCUSSION

### A. HEARSAY

Defendants argue that Plaintiff's scrubbed spreadsheets should be excluded because the spreadsheets constitute inadmissible hearsay. In response, Plaintiff argues that the spreadsheets are not hearsay. According to Plaintiff, the original spreadsheets constituted admissions by Defendants and Plaintiff's "scrubbed" spreadsheets merely presents a selective offering of the most relevant admissions. Plaintiff further argues that even if the Court finds that the "scrubbed" spreadsheets are hearsay, these spreadsheets are admissible under the residual exception to the hearsay rule.

The Court finds Plaintiff's scrubbed spreadsheets to be hearsay. Fed.R.Evid. 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or

---

[12]Docket No. 134, at 2.

[13]*See* Docket No. 116, at 2.

4

hearing, offered in evidence to prove the truth of the matter asserted."[14] The Rule further defines a statement as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."[15]

Plaintiff's contention that these scrubbed spreadsheets merely present a redacted or more relevant version of Defendants' original spreadsheets overlooks the assertive nature of Plaintiff's scrubbed spreadsheets. In creating Plaintiff's scrubbed spreadsheets, Plaintiff's counsel eliminated expenditures which to him were "obviously not contemplated by the parties' contract."[16] In so doing, Plaintiff's counsel necessarily took it upon himself to define which expenditures concerned "capital equipment," a term presently in dispute among the parties. Thus, Plaintiff's scrubbed spreadsheets represent counsel's out of court assertions as to which expenditures do or do not constitute "capital equipment." Therefore, Plaintiff's scrubbed spreadsheets are inadmissible hearsay.

Plaintiff's contention that these scrubbed spreadsheets are nonetheless admissible under the residual exception to the hearsay rule is unpersuasive. Rule 807, the residual exception to the hearsay rule, states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be

---

[14]Fed.R.Evid. 801(c).

[15]*Id.* at 801(a).

[16]Docket No. 134, at 2.

served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.[17]

The Tenth Circuit has stated:

Courts must use caution when admitting evidence under Rule [807], for an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule. As this court has warned, Rule [807] should be used only "in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice."[18]

Plaintiff also argues that the admission of the scrubbed spreadsheets is necessary in the interest of justice because Plaintiff's counsel was "forced" to filter the original spreadsheets himself due to Defendants failure to respond to his repeated requests to identify which items constituted capital expenses and Defendants insistence that the original spreadsheets be designated "Attorney's Eyes Only."[19]

The Court finds Plaintiff's contentions unpersuasive. First, the Court does not agree that Plaintiff's counsel's only option was to scrub or filter the original spreadsheets himself. To the contrary, under the parties' Stipulated Protective Order, Plaintiff's counsel could have provided Defendants' original spreadsheet to an expert to render an opinion as to what purchases

---

[17]Fed.R.Evid. 807.

[18]*United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995) (quoting *United States v. Farley*, 922 F.2d 1122, 1126 (10th Cir. 1993)).

[19]*See* Docket No. 127 at 3.

constitute "capital equipment." Indeed, this is not the first time the Court has rejected this argument from Plaintiff.[20] In a prior order, the Court noted that "there is no reason why Plaintiff and its counsel cannot educate that expert (or any other expert) to conduct any necessary analysis of the information contained in the Documents [i.e., the original spreadsheets]."[21] Thus, Plaintiff's counsel has already been informed by the Court on how to proceed and cannot now claim an injustice for failing to follow this Court's instructions.

Second, Plaintiff has failed to show that Defendants are under any obligation to provide Plaintiff with its view of how Plaintiff should measure its damages. As part of Plaintiff's prima facie case for breach of contract, Plaintiff must demonstrate: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[22] Plaintiff has brought forth no authority to suggest that Defendants were required to identify which expenditures in the original spreadsheet constituted capital equipment. While Defendants certainly were under an obligation to participate in discovery, Plaintiff has not demonstrated why Defendants were required to participate in the calculation of Plaintiff's damages.

In light of these findings, the Court finds that the interest of justice weighs against admission of Plaintiff's scrubbed spreadsheets. Because Plaintiff's scrubbed spreadsheets constitute inadmissible hearsay without an exception, the Court will exclude these spreadsheets and any testimony concerning these spreadsheets from trial.

---

[20]*See* Docket No. 80 at 5.

[21]*Id.*

[22]*Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001).

B. FOUNDATION

Defendants further argue that the scrubbed spreadsheets are inadmissible because no witness can lay a proper foundation. The Court agrees. The Court is unclear how Plaintiff could lay a proper foundation for such evidence without utilizing Plaintiff's counsel as a witness. Without a witness who can testify as to the methodology employed in creating the scrubbed spreadsheets, Defendants would be significantly limited in their ability to test the trustworthiness and reliability of these spreadsheets. Because no witness identified by Plaintiff can lay a proper foundation for Plaintiff's scrubbed spreadsheets, the Court will exclude these spreadsheets and any testimony concerning these spreadsheets from trial.

III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion in Limine to Exclude Evidence of Plaintiff's "Scrubbed" Spreadsheets (Docket No. 115) is GRANTED. It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Comments or Criticisms of Plaintiff's "Scrubbed" Spreadsheets (Docket No. 133) is DENIED as MOOT.

DATED   November 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge