IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEMDATA, LLC, a Texas limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERMOUNTAIN HEALTHCARE, INC., a Utah corporation, and IHC HEALTH SERVICES, INC., a Utah corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE REGARDING THE COURT'S AMBIGUITY FINDING<br><br><br>Case No. 2:08-CV-190 TS |

    The Court has before it Plaintiff's Motion in Limine Regarding the Court's Ambiguity Finding.[1]  Plaintiff argues that the Court should prohibit Defendants from informing the jury of the Court's prior finding that the parties' contract is facially ambiguous.  Plaintiff argues that so informing the jury might "dissuade the jury from doing its job" of interpreting the ambiguous

---

[1]Docket No. 135.

1

phrase in light of the evidence presented at trial.[2]  At this juncture, the Court finds Plaintiff's concern to be unwarranted.  First, none of the jury instructions submitted by the parties discusses the Court's prior finding of ambiguity.  Instead, the proposed instructions focus on the jury's role in interpreting disputed contractual terms.[3]  Second, the ambiguous nature of the contractual phrase at issue will become obvious to the jury as the parties present their respective interpretations of the phrase at issue.  Thus, the Court is not convinced that knowledge of the Court's prior finding will have the influence on the jury posited by Plaintiff.

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding the Court's Ambiguity Finding (Docket No. 135) is DENIED.

DATED   November 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Docket No. 136 at 3.

[3] *See* Docket No. 117, at 12 (joint instruction No. 10).  Plaintiff has raised an additional concern that the descriptive title of this instruction states "Interpretation of Ambiguous Contract."  *Id.*  As a matter of standard practice, the Court will remove all descriptive titles from the instructions before presenting them to the jury.

2