IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEMDATA, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>INTERMOUNTAIN HEALTHCARE, INC., a Utah corporation, and IHC HEALTH SERVICES, INC., a Utah corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE COURT'S INSTRUCTIONS ON WAIVER BY SILENCE AND ESTOPPEL BY SILENCE<br><br><br><br>Case No. 2:08-CV-190 TS |

In open court, Plaintiff MEMdata ("MEMdata") objected to the Court's failure to include its proposed instructions on waiver by silence and estoppel by silence.[1]

MEMdata argues that the Court should include the instruction on waiver by silence because it is an accurate statement of the law and necessary to fully instruct the jury. The Court disagrees on both counts. First, the additional instruction on waiver by silence appears at odds

---

[1]Docket No. 119.

1

with Utah law. In *Soter's Inc. v. Deseret Federal Savings & Loan Association*,[2] the Utah Supreme Court clarified an inconsistency in its precedents concerning waiver and set forth the appropriate standard for waiver under Utah law. The court stated,

> [W]e hold that there is only one legal standard required to establish waiver under Utah law. We conclude that *Phoenix properly* stated the requirements for waiver:
>
>> A waiver is the intentional relinquishment of a known right. To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it.
>
> We further clarify that the intent to relinquish a right must be distinct. Under this legal standard, a fact finder need only determine whether the totality of the circumstances warrants the inference of relinquishment.[3]

The court further warned lower courts of deviating from this general statement of the standard for waiver, noting that "such attempts at reformulation can be detrimental . . . ."[4] In light of this mandate from the Utah Supreme Court, this Court is hesitant to include additional instruction on waiver beyond what the Utah Supreme Court has explicitly approved.

Second, the Court finds the additional instruction on waiver by silence unnecessary. Defendants ("Intermountain") note to the Court that they do not seek waiver by silence, but rather waiver by MEMdata's affirmative statements. Therefore, an instruction on waiver by silence is unnecessary.

---

[2] 857 P.2d 935 (Utah 1993).

[3] *Id.* at 942 (quoting *Phoenix Inc. v. Heath*, 61 P.2d 308, 311-12 (Utah 1936)) (additional quotation marks and citation omitted).

[4] *Id.* at 941.

2

MEMdata further objected to the Court's failure to include the last sentence of its proposed instruction on estoppel, which provides instruction on estoppel in the context of silence by the allegedly estopped party. Plaintiff argues that the Court should include this instruction because it is an accurate statement of the law and necessary to fully instruct the jury. The Court disagrees that the instruction is necessary. As Defendants note in their objections to the instruction, Defendants do not seek estoppel from silence, but rather estoppel from affirmative statements made by MEMData. Therefore, the Court finds the proposed sentence unnecessary.

Therefore, the Court OVERRULES Plaintiff's Objections to the Court's instructions on waiver by silence and estoppel by silence. In so ruling, the Court invites MEMdata to enter an appropriate objection should Intermountain attempt to argue either waiver by silence or estoppel by silence during the proceedings.

DATED December 2, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge