IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEMDATA, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>INTERMOUNTAIN HEALTHCARE, INC., a Utah corporation, and IHC HEALTH SERVICES, INC., a Utah corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' FED.R.CIV.P. 50(a) MOTION<br><br>Case No. 2:08-CV-190 TS |

In open court and outside the presence of the jury, Defendants Intermountain Healthcare, Inc. and IHC Health Services, Inc. (collectively, "Intermountain") moved this Court for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). Upon hearing oral argument on the Motion, the Court took the matter under advisement and now issues the following ruling.

I. DISCUSSION

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

1

> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

Intermountain moves this Court for an entry of judgment as a matter of law in its favor on Plaintiff MEMdata's ("MEMdata") breach of contract and breach of the implied covenant of good faith and fair dealing claims. Specifically, Intermountain argues it is entitled to judgment as a matter of law on five grounds: (1) MEMdata has failed to establish evidence of an enforceable agreement; (2) MEMdata has failed to establish evidence that Intermountain was required to send any amount of capital equipment bids to MEMdata for review; (3) MEMdata's covenant of good faith and fair dealing claim is inconsistent with the express terms of the

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

contract; (4) MEMdata has failed to show evidence of damages or how Intermountain caused those damages; and (5) MEMdata has failed to mitigate its damages as a matter of law.

A.  BREACH OF CONTRACT

Intermountain's first, second, and fourth ground for judgment as a matter of law all relate to MEMdata's burden to demonstrate a prima facie case for breach of contract. To withstand a Rule 50(a) motion, a plaintiff seeking relief for a breach of contract must establish sufficient evidence for a jury to find in its favor on all elements of a claim for breach of contract. In Utah, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[5]

The Court finds MEMdata has submitted sufficient evidence for a jury to find in its favor on its breach of contract claim. Through Mr. Yancy, MEMdata has introduced evidence of a written contract between the parties. Mr. Yancy testified that MEMdata fully performed under the contract and provided examples of instances were MEMdata performed its duties under the contract. Mr. Yancy testified that Intermountain failed to submit all of its responsive bids to MEMdata for MEMdata's review, which under MEMdata's interpretation of the contract, is a violation of its terms. The jury could further interpret certain statements by Mr. Poleschka as supporting MEMdata's interpretation of the contract. Through Mr. Yancy, Mrs. Yancy, and Dr. Kronrad, MEMdata has demonstrated how it has been damaged by Intermountain's failure to submit all of its responsive bids to MEMdata.

---

[5] *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001).

From this evidence, the jury could find in MEMdata's favor on its breach of contract claim. Therefore, Intermountain's first, second, and fourth ground for judgment as a matter of law will be denied.

B.     COVENANT OF GOOD FAITH AND FAIR DEALING

Intermountain's third ground relates to MEMdata's breach of the implied covenant of good faith and fair dealing claim. As stated by the Utah courts, "[u]nder the covenant of good faith and fair dealing, each party impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract."[6]

MEMdata has submitted sufficient evidence to establish a breach of the covenant of good faith and fair dealing. There is sufficient evidence for the jury to conclude that Intermountain breached its implied obligation under the contract to avoid intentionally or purposely doing anything which would destroy or injure MEMdata's right to receive the fruits of the contract. Mr. Yancy testified that Intermountain limited MEMdata in its ability to perform under the contract by limiting the vendors from which MEMdata could solicit bids. Mr. Tribe gave testimony which verified Mr. Yancy's claim that Intermountain limited the vendors MEMdata could contact. Moreover, evidence has been introduced from which the jury could conclude that Intermountain used MEMdata's work product to solicit lower estimates directly from its vendors, which injured MEMdata's ability to receive the fruits of the contract.

---

[6] *St. Benedict's Dev. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991).

From this evidence, the jury could find in MEMdata's favor on its breach of the implied covenant of good faith and fair dealing claim. Therefore, Intermountain's third ground for judgment as a matter of law will be denied.

C.  MITIGATION OF DAMAGES

Intermountain's fifth ground for relief argues that MEMdata failed to mitigate its damages as a matter of law.  Intermountain argues that evidence was shown that Mr. Yancy was aware of Intermountain's failure to send all of its capital equipment bids to MEMdata for review from the early stages of the parties' contracting relationship.  As made clear by Supreme Court precedent, this Court is not to make such factual determinations in considering a Rule 50(a) motion for judgment as a matter of law.  Intermountain's ground for relief inappropriately asks this Court to weigh the evidence.  Therefore, Intermountain's fifth ground for judgment as a matter of law will be denied.

## II.  CONCLUSION

It is therefore

ORDERED that Intermountain's Motion for Judgment as a Matter of Law Pursuant to Fed.R.Civ.P. 50(a) will be DENIED.

DATED   December 2, 2010.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge